[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Nalini Srinivasan and T.N. Srinivasan, brought this action, against the defendant Bruce Mazzotta, in two counts, the first claiming negligence and the second, breach of contract. The defendant, as a third party plaintiff; impleaded the defendant, William Bergan, claiming that if the defendant, Mazzotta, was held liable for certain claims of the plaintiffs. Bergan would be liable to him.
The defendant, Mazzotta, has filed special defenses, setoff, and a counterclaim against the plaintiffs, claiming unpaid balances due under the contract.
After a full trial, the court, by a preponderance of the credible, relevant, reliable and legally admissible evidence and the reasonable, rational and lawful inferences to be drawn therefrom, finds, determines and rules and adjudges as follows:
On or about June 26, 1996, the plaintiff; Nalini Srinivasan, was the owner of real property located at 39 Beeke Road, East Haddam, Connecticut.
On said date, the plaintiff entered into a written contract with the CT Page 6652 defendant Bruce Mazzotta (Mazzotta) for the construction of a single family residential dwelling on the afore said property.
The town of East Haddam has adopted wetland regulations requiring a seventy five foot construction setback from any wetlands area and regulating the area within said setback.
The plaintiffs property contained wetland areas.
Mazzotta engaged the defendant, William Bergan, as a surveyor, to site the proposed dwelling so that it would conformed to all the planning, zoning and wetland requirements of the Town of East Haddam.
When Bergan was in the process of siting the house, the plaintiff asked that it be moved further away from a neighbors house which required a move to the back and to the left closer to the wetlands. This move, insisted upon by the plaintiff; was contrary to the siting as shown by plans provided by the plaintiff.
By an inadvertence, in which all parties participated, the dwelling, as finally located, encroached a wetland regulated area by 12 feet.
After the building was completed, Bergan completed a Class A-2 As-Built Survey and discovered the 12 foot encroachment of the wetland regulated setback.
Bergan submitted all mapping required to obtain a certificate of occupancy, which was in fact granted to the plaintiff.
In negotiating the certificate of occupancy, the plaintiff agreed to grant and file a conservation easement on the land records of the Town of East Haddam.
In the fall of 1999, the plaintiffs sold the subject property to Jan Trendowski for the purchase price of $315,000.
The plaintiffs claims they were damaged by the unlawful siting of the house and the subsequent conservation easement required by the Town.
As to the first count, sounding in negligence, the plaintiff has the burden of proving, by a preponderance of the evidence, the essential elements of a action in negligence, namely, a duty, a breach of that duty, causation and actual injury or damages. RK Constructors, Inc. v.Fusco Corporation, 231 Conn. 381, 384 (1994).
The court expressly finds that the plaintiffs have failed to prove that CT Page 6653 they suffered any actual injury based on their allegations of negligence.
The plaintiffs claim that because of the wrongful siting of the house and because of the negotiated conservation easement the value of the premises was diminished.
The plaintiffs expert appraiser, Charles Barr, testified that the property was valued at $260,000 but had to be discounted by 20% because of the encroachment of the house 12 feet into the wetlands area. He offered his opinion that such encroachment was a permanent zoning violation which resulted in a negative buyer stigma and a diminution in the value of the premises.
The defendants' expert, Joseph Borcynski, stated that in his opinion the property, as built, had a value of $270,000, plus a benefit of $4,000 based on its location, for a total value of $274,000. Mr. Borcynski added the benefit because the dwelling as built into the regulated setback was located a greater distance from the neighbor and allowed more useable space in the non regulated area.
Further, a sale of a premises between a desirous buyer and a willing seller is a factor which may be considered in establishing value. NewHaven Savings Bank v. West Haven Sound Development, 190 Conn. 60, 71
(1983). See also, Pandolphes Auto Parts v. Manchester, 181 Conn. 217, 273
(1980); Schnier v. Ives, 162 Conn. 171, 177 (1972); 4 Nichols, Eminent Domain (3rd Ed.) Sec. 12.311 (11).
Here the sale price of $315,000, within 2 years of the alleged breach of duty, by proper adjustment for time, belies the plaintiffs' allegation that they suffered an actual injury based on Mazzotta's negligence. Having failed to prove an actual injury, the plaintiffs cannot prevail in a action of negligence against Mazzotta. Judgment should enter for the defendants, Mazzotta on the plaintiffs first count of negligence.
Count two of the plaintiffs complaint alleges that the defendant, Mazzotta, breached his contract by failing to complete the performance required thereunder. Specifically, the plaintiff claims that; (1) debris was left around the house, (2) no landscaping or grass was planted, (3) the sidewalk was not installed with a foundation, (4) shutters were not installed, (5) no topsoil was brought to the property and spread, (6) the air conditioning never worked upstairs nor did the heat upstairs maintain its intensity as it did on the first floor.
The court has thoroughly reviewed the evidence the exhibits (particularly the plaintiff's disclosures), the contract between the parties, the defendant's performance and concluded that there is no merit CT Page 6654 to the plaintiffs complaint.
The court expressly finds that the defendant performed the contract in accordance with its terms and is not in breach of same. Judgment should enter on count two for the defendant.
The defendant, Mazzotta, has filed a counterclaim for amounts due under the contract and certain extras. the parties have stipulated that the amount due is $1,930.56.
Accordingly, judgment shall enter for the defendant Mazzotta against the plaintiffs in the amount of $1,930.56.
The court awards no interest, counsel fees or costs to any party hereto, as the matter herein raised by all parties were valid issues subject to adjudication by the court.
Therefore, judgment is entered for the defendant, Bruce Mazzotta, on the first and second counts of the plaintiffs' complaint. Judgment is entered for the defendant, Bergan, on the third party complaint.
Finally, judgment is entered for the defendant, Mazzotta, on his counterclaim to recover of the plaintiffs $1,930.56. No interest, costs or counsel fees are awarded to any party hereto.
 SPALLONE STATE TRIAL REFEREE